LEACH et al., Respondents, v. MISSOURI TIE & TIMBER COMPANY, Appellant.

**St. Louis Court of Appeals, April 4, 1905.**

**WAGES: Orders on Company Stores: Constitution.** Section 8143 Revised Statutes of 1899, requiring any firm or corporation issuing orders or checks in payment of wages, to redeem the same in cash when presented, is unconstitutional because it abridges the right to contract.

Appeal from Ripley Circuit Court.—*Hon. Jas. L. Fort,* Judge.

REVERSED.

*J. C. Sheppard, Dinning & Hamel* for appellant.

*Thos. F. Lane* and *Jno. H. Raney* for respondents.

BLAND, P. J.—Plaintiffs are partners in a general store. The defendant is a Missouri corporation. The petition consists of two hundred and eight counts, all of which are to recover on orders for merchandise. All the orders sued on are identical, except as to amounts and

dates. The issues were submitted to the court, sitting as a jury, and it was agreed by the parties that count No. 207 should be tried separately and all the other counts should abide the result of the trial of this one. The order in the two hundred and seventh count of the petition is as follows:

Order for Merchandise,     $5.00

To Missouri Tie and Timber Company.

Order of H. A. Sweeney.

Acct. XX. O. K., J. W. Beauchamp.

No. 1761C.

(On inside of first sheet of cover is following:)

Merchandise order.

Amounting to

Five dollars,

At the store of

Missouri Tie and Timber Company.

Upon conditions named in back of this book and made a part hereof.

(Within the cover are 100 coupons, as follows:)

Mercantile Coupon.

5 cents.

Missouri Tie and Timber Company.

No. 1761C.

(On back of cover appears the following:)

"Missouri Tie and Timber Company.

"Please furnish myself or ————————goods at your store to the amount of $5.00 and charge same to my account as per coupons contained in this book. These coupons to be detached only by the authorized employees of the Missouri Tie and Timber Company, and if otherwise detached to be worthless.

(Signed)      "H. A. SWEENEY."

The evidence shows that defendant (as its corporate name indicates) is engaged in the tie and lumber business, and employs from one hundred and fifty to two hundred workmen. It keeps two stores, one of which is

nearby that of plaintiffs. From these stores it furnishes goods to its employees. The order described in count No. 207 was issued to one of its employees and charged against his account for labor. The employee to whom the order was issued delivered it to plaintiffs in payment for goods bought at their store. The plaintiffs presented the order to defendant and demanded cash payment, which the defendant refused.

The verdict was for the plaintiffs, and judgment was entered in their favor on all the counts of the petition. Defendant appealed.

Unless restricted by some valid statute the defendant had the undoubted right to contract with its employees to pay them for their labor, in whole or in part, in such merchandise out if its general stock as the laborers might require, and to issue and give out such an order as the one in question as evidence of the contract. Section 8142, R. S. 1899, makes it unlawful for any person or corporation to issue, pay out or put in circulation, for payment of wages or labor, an order such as the one sued on; and section 8143 makes it obligatory on any person or corporation issuing any such order, on demand of the holder, to redeem the same in lawful money or goods at the option of the holder.

In the case of State of Missouri v. Missouri Tie & Timber Company (this identical defendant), 181 Mo. 536, 80 S. W. 933, the defendant was convicted in the circuit court of issuing and putting in circulation the identical order sued on in count No. 207. On appeal to the Supreme Court it was held that section 8142, supra, was unconstitutional for the reason "it interferes with, or abridges the right of persons competent to contract with each other with respect to the manner in which the one is to be paid for his labor by the other." This holding necessarily makes it obligatory to hold the succeeding section (8143) which requires the payment in money or goods of these orders, at the option of the holder, unconstitutional also. It therefore follows that it was com-

petent and lawful for the defendant to contract with its employees to pay them in goods for their labor, and the plaintiffs were not entitled to a money judgment without a showing that they first made demand on defendant for the payment of the orders in goods and that such payment was refused. This was not done.

The judgment is reversed. All concur.